No. 42,694

In re Estate of W. M. Eckel, Deceased (ALICE C. HADWIGER, *Appellant*, v. JAMES L. TAYLOR, JOHN F. ECKEL, RUTH A. ECKEL and JULIA DOROTHY TAYLOR, as an individual, and JULIA DOROTHY TAYLOR, as executrix of the estate of W. M. Eckel, Deceased, *Appellees.*)

(379 P. 2d 346)

Opinion filed March 2, 1963.

*Orval L. Fisher*, of Wichita, and *Robert L. Hadwiger*, of Alva, Oklahoma, argued the cause, and *F. D. Gaines*, Associate Counsel, was with them on the briefs for appellant.

*Robert C. Foulston*, of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard* and *Charles J. Woodin*, all of Wichita, were with him on the briefs for appellee, James L. Taylor.

*L. J. Bond*, of El Dorado, argued the cause for appellee, Julia Dorothy Taylor, as executrix.

The opinion of the court was delivered by

FATZER, J.: This is an appeal by one of the heirs of a decedent from the judgment of the district court, following an appeal from

the probate court, that the accounting of James L. Taylor, was a full, final and complete accounting as the surviving partner of the Douglass Grain Company pursuant to G. S. 1949, 59-1001 *et seq.*

Neither party requested findings of fact and conclusions of law pursuant to G. S. 1949, 60-2921, and the district court made neither. The accounting evidence presented to the district court consisted primarily of the reports of two accounting firms referred to as the Maddox Report and the Cory Report. The Maddox Report was filed in and approved by the probate court. Basic differences in the two reports pertained to the handling of certain items totaling $11,468, or, as the appellant states, to "differences in accounting techniques." The district court, after hearing the great volume of evidence and testimony regarding the facts and circumstances surrounding the business of the Douglass Grain Company, its mode of operation and the conduct of the parties, made a general finding that,

"The accounting filed by James L. Taylor as surviving partner in the Probate Court of Butler County, Kansas, the report of examination by Cory, Webster, Lawrence & Greenblatt and the supplements thereto, and the evidence adduced at the trial, constituted a full, final and complete accounting on behalf of James L. Taylor as surviving partner."

There are approximately 400 pages of the printed abstract. To state the material facts and the contentions of the parties, and to marshall the evidence and state the reasons for the court's conclusions, would consume, with the utmost condensation, probably thirty pages of the Kansas Reports, and perhaps twice that number. At the end, the court would have done no more than review questions of fact neither novel in kind nor of any interest to anyone except the parties to the appeal. No principle of law of striking interest and no new application of old principles are involved, and when the ultimate facts have been determined, as the district court did, the conclusions of law follow as a matter of course. Under these circumstances, the court does not believe that any useful purpose would be subserved by the preparation of a more detailed opinion.

The appellant's principal contention is stated in her brief:

"The precise question for the District Court was whether or not the surviving partner, James L. Taylor, had fulfilled his obligations as the surviving partner and had made a full, true and correct accounting."

The brief is replete with arguments of how the court should have decided the evidence and with charges that its general finding is

against the "uncontradicted testimony of the appellant." That is the principal complaint. Stated conversely, the district court believed the appellee, James L. Taylor, and as stated in appellant's brief:

"Thus, indirectly the court, without qualification, accepted at its face value the indirect testimony of James L. Taylor which he apparently furnished to the accountants. . . ."

The trial was to the district court, and it is a familiar principle that the weight of the evidence is for the trier of the facts. This court has neither the time nor the jurisdiction to re-try them. All the other features of this controversy are determined upon the ultimate decision of the district court of the factual issue it was called upon to decide. After many days of trial, the district court resolved that issue as a matter of fact, and this court approves the disposition made by the district court of those features. The entire record has been carefully studied and there was substantial evidence to support the district court's general finding. We approve that finding and the conclusions of law relating to the amount of money due the estate of W. M. Eckel, deceased. Nothing could be accomplished by further litigation of this controversy before this court or the district court. The judgment of the court below was equitable and just, and it is affirmed.

It is so ordered.