No. 42,693

In re Estate of W. M. Eckel, Deceased. (ALICE C. HADWIGER, *Appellant,* v. JAMES L. TAYLOR, JOHN F. ECKEL, RUTH A. ECKLE and JULIA DOROTHY TAYLOR, as an Individual, and JULIA DOROTHY TAYLOR, as Executrix of the Estate of W. M. Eckel, Deceased, *Appellees.*)

(380 P. 2d 360)

Opinion filed April 6, 1963.

*Orval L. Fisher,* of Wichita, and *Robert L. Hadwiger,* of Alva, Oklahoma, argued the cause, and *F. D. Gaines,* of Augusta, was with them on the briefs for the appellant.

*L. J. Bond,* of El Dorado, argued the cause, and *Robert M. Bond,* of El Dorado, was with him on the briefs for Julia Dorothy Taylor as an individual and also as executrix of decedent's estate.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the judgment of the trial court and from orders refusing to appoint a trustee in decedent's estate, allowing a partial executrix fee, and overruling a motion for new trial.

Decedent died on March 2, 1956. His last will and testament, executed on September 26, 1952, included the following provisions:

A city property was devised to his widow, Ruth, for life, and then his three children; Julia Dorothy Taylor, Alice C. Hadwiger, and John F. Eckel, in fee simple as tenants in common. All personal property was given to his wife and in addition, the will provided:

"Fourth: I give and bequeath to my wife $1,800.00 per annum, to be paid to her each year in equal monthly installments, for her sole use and benefit during her natural life; said bequest and payments to be in lieu of the rights of homestead and widow's allowance, as is provided by the statutes of the State of Kansas, *and to be paid by my executrix, or her successor,* out of the residue of my estate." (Our emphasis.)

At his wife's death he bequeathed all of his estate to the above-named children, share and share alike. He appointed Julia Dorothy Taylor his sole executrix to serve without bond.

On October 26, 1957, Alice, one of decedent's daughters, filed a petition in the probate court wherein she alleged that a trust was created by the above-quoted paragraph four of decedent's will to be carried out by the executrix, or her successor, who Alice claimed should be a trustee since the decedent specifically failed to name a person as trustee to succeed the executrix. We pause to mention here that later in the petition Alice stated that on April 3, 1956, Julia Taylor qualified as executrix without bond, that all claims had been barred and all debts had been paid except the costs of administration, and nothing remained for Julia to do as executrix.

In her petition Alice further alleged that Julia Taylor was the wife of James L. Taylor, who at the time of decedent's death was

a partner of decedent in the Douglass Grain Company under a written partnership agreement dated August 4, 1948, for the purpose of conducting a grain elevator business; that James had been operating the partnership as a surviving partner under bond since April 3, 1956, and continued so to operate; that for more than one year after decedent's death James had not collected the partnership assets, had not placed the proceeds therefrom as they were collected in a separate account, had refused to disclose to and had concealed from the heirs such collected assets and had not properly compelled debtors to pay obligations owing the partnership until some had been barred by the statutes of limitation, and he had been and was failing to perform his duties; that some of the claims owing to the partnership were owed by businesses James had conducted, or in which he had an interest, which constituted speculations out of the assets of the Douglass Grain Company to the detriment of the trust and the heirs of decedent.

In her answer Julia alleged and stated that decedent's interest in the Douglass Grain Company had been sold to James, as a surviving partner, and that the allegations of the petition raised no issue on the appointment of a trustee in decedent's estate; that all interested parties had entered into the contract, and the sale of the assets of the Douglass Grain Company was advantageous to the estate and to all parties concerned; that she had complied with the orders of the court and the provisions of law governing administration of estates; she stated she had paid to Ruth, decedent's widow all sums provided for in paragraph four of the will; that no provision was made for the appointment of a trustee and no necessity existed for such an appointment. The answer contained a general denial to the allegations of the petition.

Julia further stated throughout the process of the sale of decedent's partnership interest in the Douglass Grain Company to her husband, James L. Taylor, that Robert L. Hadwiger, the present attorney for Alice, acted as attorney for decedent's estate as well as for Julia, and Julia was advised by him and relied thereupon in all matters pertaining to such sale.

Alice thereafter filed a reply, but the only portion we think is germane to this appeal was a general denial. The probate court entered judgment and denied the petition for appointment of a trustee. Alice thereafter appealed to the district court where a trial was had. The record of testimony before us covers transac-

tions which took place principally during the time when present counsel for Alice was representing decedent's estate and Julia, as executrix, but such evidence is of little or no benefit to this court on appellate review. At the conclusion of the trial, the court entered its judgment wherein it denied the appointment of a trustee, found generally in favor of decedent's estate and Julia, as executrix, and also found generally for allowance to Julia of a partial fee as executrix and set the amount in the sum of $3,000. A motion for new trial filed by Alice was overruled.

Another appeal concerning the partnership in the Douglass Grain Company was determined by this court in *In re Estate of Eckel,* 191 Kan. 11, 379 P. 2d 346, but we need not narrate herein the merits of that appeal.

Alice, appellant here, has the burden of showing her substantial rights have been prejudicially affected by the judgment of the court below so far as her rights as an heir of decedent are concerned. No objection is to be found in the pleadings, the evidence, the findings of the trial court, or anywhere else in the record, that Ruth, decedent's widow, is complaining in regard to the $1,800 annual payment to her. This is not an action to remove an executrix or an administrator but merely to appoint a trustee. The record clearly discloses the administration of the estate had continued in a harmonious fashion for more than a year after decedent's death and no question was raised until after decedent's interest in the assets of the partnership enterprise was sold. The sale agreement was entered into and executed by decedent's two daughters, Julia and Alice. It is admitted an actual trust was not created by paragraph four of decedent's will and that the only basis for Alice's contention such a trust was created is the use of the word "successor." We do not put such a strict construction on the word "successor" for the reason that an executor is sometimes succeeded by an administrator. The trial court held generally in favor of Julia and since in our opinion the record more than amply supports that finding, we are compelled to affirm the trial court's judgment on that point.

In regard to the allowance of the partial fee to the executrix, the trial court heard the evidence, saw the witnesses, and again found generally in favor of Julia. It appears to us that Alice has totally failed to show any abuse of discretion on the part of the trial court nor has any other reason for reversal of that court been shown on this feature of the case. (2 West's Kansas Digest, Appeal & Error,

1962 Cum. P. P. § 989, pp. 62-64; 1 Hatcher's Kansas Digest, rev. ed., Appeal and Error, 1962 Cum. Supp., § 507, pp. 51, 52.)

Judgment affirmed.

SCHROEDER, J., concurs in the result.